■ In the Matter of the Claim of FRANCIS X. RILEY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal from a decision of the Unemployment Insurance Appeal Board denying appellant extended benefits under the Temporary Extended Unemployment Compensation Act of 1961 (U. S. Code, tit. 42, §§ 1400l–1400v). It is undisputed that in March, 1960, appellant, then 62, was involuntarily separated from State service as the result of a bureau reorganization; that at such time his retirement was not mandatory; that thereafter he received unemployment insurance benefits for 26 weeks; that in December, 1960, several months after these benefits were exhausted, he applied for and subsequently received his retirement allowance from the New York State Retirement System, and that in April, 1961, following the effective date of the Temporary Compensation Act of 1961, he filed for benefits under that act. The sole question raised here is whether the board, pursuant to subdivision 5 of section 590 of the Labor Law, properly denied appellant the benefits sought. Subdivision 5 of section 590 provides in pertinent part: " Benefits based on state employment. Remuneration paid by the state of New York with respect to a claimant who has retired from service with the state and who upon such retirement became eligible to benefits under article two of the retirement and social security law including a retirement allowance, or who was employed in the unclassified service of the state as defined in the civil service law, shall not be taken into consideration for the purpose of establishing rights to benefits under this article." Since appellant at the time of his application for benefits in April, 1961 was clearly then receiving benefits under article 2 of the Retirement and Social Security Law, including a retirement allowance, we concur in the board's denial of benefits. We cannot agree with appellant's contention that since he was not retired when his eligibility for unemployment benefits was initially determined, nor at any time prior to the expiration of his first 26 weeks of benefits, he had a vested right to the extended benefits. Nor do we find that the words " who has retired " as utilized in subdivision 5 of section 590 must be interpreted as referring only to employees who voluntarily left their employment with the State. How employment is terminated is not the statutory criteria. The test is retirement, whether involuntary (*Matter of McArdle* [*Corsi*], 274 App. Div. 959) or voluntary, plus eligibility for benefits under article 2 of the Retirement and Social Security Law. Determination confirmed, without costs. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.

■ WOLODYMYR TREMBACZ, Appellant, v. JOHN G. DAVIS et al., Respondents.— HAMM, J. Appeal from a judgment entered on a jury verdict of no cause of action. The plaintiff, a pedestrian, was struck by an automobile. The evidence was such that the issues of the negligence of the operator of the automobile and of the contributory negligence of the plaintiff were required to be submitted to the jury. The case was submitted to the jury in a charge to which no exception was taken. The court's further instructions in response to the plaintiff's requests to charge and to an inquiry and request by the jury were likewise given without exception. No such error is demonstrated as to lead us to disregard the usual requirement that an exception be taken to an allegedly erroneous charge. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.